Filed 1/21/26  In re K.F. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re K.F., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B340414 (Super. Ct. No. CM0718A) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>K.F.,<br><br>    Defendant and Appellant. | |

K.F., a minor, appeals from the jurisdiction and disposition orders after the juvenile court found that he committed murder (Pen. Code, § 187, subd. (a)) and declared him a ward of the court.  (Welf. & Inst. Code, § 602).[1]  The juvenile court ordered appellant to pay victim

---

[1] All further undesignated statutory references are to the Welfare & Institutions Code.

restitution and a restitution fine of $100.  At the time of the disposition hearing, the restitution fine was required by statute.  (See former § 730.6, subd. (a)(2)(A), (b)(1).)

We appointed counsel to represent appellant in this appeal. After an examination of the record, counsel filed an opening brief that raised no arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We requested supplemental briefing on whether section 730.6, subdivision (a)(2), as amended by Assembly Bill No. 1186 (2023-2024 Reg. Sess.), applied and what, if any, application *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) has to this case.

Appellant submitted a new opening brief.  He contends the recent amendments to section 730.6 apply retroactively, requiring the restitution fine of $100 imposed by the juvenile court to be stricken.  The People agree that the ameliorative benefits of amended section 730.6 apply retroactively to appellant's nonfinal judgment, and the restitution fine previously imposed should be stricken from the dispositional order.  We will strike the restitution fine but affirm the judgment in all other respects.

*Factual and Procedural Background*

The victim was the target of an attempted murder.  Two days after the unsuccessful murder attempt, appellant saw the victim at a gas station.  Appellant relayed the victim's location, vehicle type, and a description of the person with the victim to a companion.  The companion shot and killed the victim.  The murder was apparently committed in retaliation for the earlier murder of appellant's friend.

A section 602 petition alleged that appellant committed murder (Pen. Code, § 187, subd. (a)) when he was 16 years old. The juvenile court sustained the petition, declared appellant a ward of the court, and ordered him committed to the Secure

Youth Treatment Facility for a baseline term of five years not to exceed 25 years to life. Appellant was also ordered to pay direct victim restitution in an amount to be determined at a hearing and a $100 restitution fine.

*Restitution Fine*

While this appeal was pending, the Legislature amended section 730.6 and removed the requirement that a minor pay a restitution fine. The relevant portion of the statute now provides, "The court shall not impose a separate and additional restitution fine against a minor found to be a person described in Section 602." (§ 730.6, subd. (a)(2), as amended by Stats. 2024, ch. 805, § 6.) Appellant is entitled to the ameliorative benefits of this amendment. (See *Estrada*, *supra*, 63 Cal.2d 745-746 [ameliorative legislation changes applicable to cases pending on appeal].)

*Disposition*

The $100 restitution fine is ordered stricken. The juvenile court is directed to amend the disposition order dated July 26, 2024, to reflect this fact. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


BALTODANO, J.


CODY, J.

3

Melissa N. Widdifield, Judge
Superior Court County of Los Angeles

_____

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Stephanie C. Brenan, Supervising Deputy Attorney General, and Stefanie Yee, Deputy Attorney General, for Plaintiff and Respondent.